IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL M. WOODS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 08-397-JJF |
| | : | |
| FIRST CORRECTIONAL MEDICAL INC., CORRECTIONAL MEDICAL SERVICES INC., L.P.N. LISA SUGER, NURSE QUANNY KANE, R.N. JAMILLA MCKENZIE, NURSE VERIA MURPHY, NURSE RICHARD, JOHN DOE, JANE DOE, RONNIE MOORE, INVESTIGATOR BRENDA LUCAS, JAMES T. VAUGHN CORRECTIONAL CENTER, DR. NIEZ, and JOHN/JANE DOE DIRECTOR OF MEDICAL AT DCC 2007-2008, | : | |
| | : | |
| Defendants. | : | |

Daniel M. Woods Mendez, Pro se Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

November 13, 2008
Wilmington, Delaware

**Farnan,** *Joseph J. Farnan Jr.*
**District Judge**

Plaintiff Daniel M. Woods ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), formerly named the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 9.)

For the reasons discussed below, the Court will dismiss the claims against the VCC as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and will allow Plaintiff to proceed against the remaining Defendants. The Court will deny without prejudice Plaintiff's Request For Counsel and will deny as moot Plaintiff's Motion For Leave To Amend. (D.I. 3, 13.)

## I. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to

relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## II. DISCUSSION

Plaintiff alleges that Defendants are deliberately indifferent to his serious medical needs, particularly in the delay or failure to provide him treatment for Hepatitis C. He alleges that medication was withheld despite physician's order, and that nursing staff failed to rotate injections causing infections, scarring, and complications. With the exception of the VCC, all of the Defendants are related to the medical field.

Plaintiff's claim for monetary damages against the VCC is barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974). The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Based upon the foregoing, the Court will dismiss the VCC as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from suit.

## III.  MISCELLANEOUS MOTIONS

### A.  Request For Counsel

Plaintiff requests counsel on the grounds that he is unable to afford counsel, he had limited knowledge of the law, his ability to litigate is hampered by his incarceration, counsel is better able to present evidence and cross examine witnesses at trial, and counsel will be required during his deposition to

protect him from self-incrimination.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the Court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including:(1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Upon consideration of the record, the Court is not persuaded that the request for is warranted at this time. Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Therefore, the Court will deny without prejudice the Request For Counsel. (D.I. 3.)

### B. Amendment

Plaintiff seeks leave to amend his Complaint to clarify the names of two Defendants: Nurse Quanny to Nurse Quanny Kane and Nurse Veria to Nurse Veria Murphy. (D.I. 13.) "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). The parties have not been served nor filed a responsive pleading. Therefore, the Court will deny the motion as moot and will direct the Clerk of the Court to correct the docket to reflect the correct names of Defendants.

### IV. CONCLUSION

For the reasons discussed, the claims against the VCC will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against the remaining Defendants. Plaintiff's Request For Counsel will be

denied without prejudice and his Motion For Leave To File An Amended Complaint will be denied as moot. An appropriate Order will be entered.