```
           IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF DELAWARE

DANIEL M. WOODS,                :
                                :
         Plaintiff,             :
                                :
    v.                          : Civ. Action No. 08-397-JJF
                                :
FIRST CORRECTIONAL MEDICAL,     :
INC., et al.,                   :
                                :
         Defendants.            :
```

Daniel M. Woods, Pro se Plaintiff, James T. Vaughn Correctional Center, Smyrna, Delaware.

James Edward Drnec, Esquire, Balick & Balick, LLC, Wilmington, Delaware. Attorney for Defendants Correctional Medical Services, Lisa Suger, Shari Cain, Richard Okonibo, and Brenda Lucas.

**MEMORANDUM OPINION**

September 30, 2009
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Daniel M. Woods ("Plaintiff"), an inmate currently incarcerated at the James T. Vaughn Correctional Center ("VCC") filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs. Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis. Presently before the Court are several Motions filed by the parties, including a Motion To Dismiss, Motion To Quash, Request For Default, Motion To Amend, Request For Counsel, and Motion To Compel. (D.I. 47, 48, 49, 51, 62, 69.) For the reasons discussed below, the Court will grant the Motion To Dismiss, the Motion To Quash, and the Motion To Amend, and will deny the Request For Default, Request For Counsel and Motion To Compel.

**I. BACKGROUND**

Plaintiff alleges that Defendants are deliberately indifferent to his serious medical needs, particularly in the delay or failure to provide him treatment for Hepatitis C. Defendant Brenda Lucas ("Lucas") moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[1] (D.I. 47.) Defendant Shari Cain ("Cain"), improperly named as Quanny Kane, moves to quash

---

[1] The Court docket indicates that Lucas has not been served. (D.I. 40.)

1

service. (D.I. 49) Plaintiff moves to amend to correct improperly named Cain. (D.I. 51.) He requests default, and moves to compel counsel for Defendants to provide proper addresses of unserved Defendants. (D.I. 48, 69.) Plaintiff also requests counsel. (D.I. 62.)

## II. DISCUSSION

### A. Motion To Dismiss

Lucas, who has never been served, moves for dismissal of the claims against her pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (D.I. 47.) More particularly, Lucas argues that the claims against her must be dismissed due to the lack of a constitutionally protected right to a grievance procedure. Plaintiff opposes the Motion on the grounds that Lucas refused to act or otherwise end his exposure to deliberate indifference to an unreasonable risk of serious harm even afer being notified several times. (D.I. 55.)

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S.89 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

2

that is plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is are liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable, to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006) (not reported). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to prison grievance procedures. Travillion v. Leon, 248 F. App'x 353, 356 (3d Cir. 2007) (citations omitted) (not published); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Burnside, 138 F. App'x at 417 (citations omitted).

The Complaint alleges that Lucas failed to act upon his complaints after having been noticed seven times by grievances. (D.I. 2, ¶ 13.) Lucas is identified as the investigator in several grievances. Plaintiff cannot maintain constitutional claims against Lucas based upon his perception that his

4

grievances were ignored, not properly processed or investigated, or that the grievance process is inadequate. For the above reasons, the Court will grant the Motion To Dismiss.

### B. Request For Default

Plaintiff requests default against an unnamed Defendant who was served on February 4, 2009, on the grounds that Defendant was served, but failed to answer or otherwise plead. (D.I. 48.) It appears from the Court docket that Plaintiff refers to Cain as her USM-285 form indicates service was executed on February 4, 2009. (D.I. 37.) Cain, however, has filed a Motion To Quash service. Therefore, the Court will deny the Motion.

### C. Motion To Quash

Defendant Cain moves to quash service of summons and Complaint on the grounds that service was accepted on her behalf by an unauthorized person. (D.I. 49.) The Court will grant the Motion. Plaintiff, however, will be given an opportunity to properly effect service upon Cain.

### D. Motion To Amend

Plaintiff moves to amend to correct the name of Defendant Quanny Kane to Shari Cain. (D.I. 51.) "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Motion will be granted. Additionally, Plaintiff advises the Court that unserved Defendant Jamilla McKenzie ("McKenzie") is now working for Defendant Correctional Medical Services at the VCC. (D.I. 72.) A Supplemental Service Order will be entered for service upon Cain and McKenzie.

### E. Request For Counsel

Plaintiff requests counsel on the grounds that his imprisonment greatly limits his ability to litigate, the issues "will become" complex, his research is hampered by his housing assignment, counsel could better investigate issues and cross-examines witnesses, and Defendants are hampering Plaintiff's efforts to effect service. (D.I. 62.) Although a plaintiff does not have a constitutional or statutory right to an attorney in a civil case, a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the

plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

Up to this point, Plaintiff has ably represented himself in this case. After reviewing Plaintiff's Motion and the documents filed, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted. Additionally, Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny Plaintiff's Request For Counsel without prejudice to renew. (D.I. 62.)

### F. Motion To Compel

Plaintiff has had difficulty serving Defendants. He moves the Court to compel defense counsel to accept service on behalf of the remaining unserved Defendants or to provide their addresses, places of employment, or other information of record.

7

(D.I. 69.) Defendants respond that the majority of unserved Defendants are no longer employed by Correctional Medical Services, Inc., ("CMS") and CMS does not have authority service to accept service on their behalf.[2] CMS also does not have authority to accept service on behalf of Dr. Niez, who was employed by First Correctional Medical ("FCM"). Finally, Defendants argue that disclosure of personnel records to an inmate is prohibited.

The Court assists pro se incarcerated plaintiffs, to the extent practicable, in efforts to effect service. The final responsibility, however lies with Plaintiff. The Court will not compel defense counsel or CMS to accept service when they have no authority or to provide information to which Plaintiff is not entitled. For the above reasons, the Court will deny the Motion To Compel. (D.I. 69.)

### III. CONCLUSION

For the above reasons, the Court will Court will grant the Motion To Dismiss, the Motion To Quash, and the Motion To Amend, and will deny the Request For Default, Request For Counsel and Motion To Compel. (D.I. 47, 48, 49, 51, 62, 69.)

An appropriate Order will be entered.

---

[2] Defendants advise that the individuals who are no longer employed by CMS include McKenzie, Moore, and Lucas.