IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL M. WOODS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 08-397-LPS |
| FIRST CORRECTIONAL MEDICAL, INC., et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Request for Counsel, Motion to Compel, and Response to the Court's Show Cause Order. (D.I. 99, 111, 114) For the reasons given below, the Court will deny the Request for Counsel and the Motion to Compel. Further, the Court finds that Plaintiff has failed to show cause why the unserved defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

I. **BACKGROUND**

The Plaintiff, Daniel M. Woods ("Woods"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of his constitutional rights. More specifically, Woods alleges that Defendants improperly administered to him the medication Interferon. (D.I. 2) Presently before the Court is Woods' Request for Counsel and Motion to Compel. (D.I. 99, 111) Also before the Court is his response to the Court's June 25, 2010 Order

to show cause why certain Defendants should not be dismissed for failure to serve. (D.I. 112, 114)

## II. REQUEST FOR COUNSEL

Woods seeks counsel on the grounds that he is unable to afford counsel, the issues in this case are complex, he has suffered from deliberate indifference to serious medical needs, his allegations if proven would establish a constitutional violation, and he will be greatly prejudiced during the discovery and dispositive motion stage if he does not have counsel. (D.I. 99)

A plaintiff in a civil suit does not have a constitutional or statutory right to an attorney. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – authorizes federal court to "request," but not require, unwilling attorney to represent indigent civil litigant). However, a district court may seek to obtain legal representation for an unrepresented plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154; *see also Mallard*, 490 U.S. at 296.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case, considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation;

(5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Woods' motion, the Court concludes that the case is not so factually or legally complex that a Court request for an attorney is warranted. In addition, the filings in this case demonstrate Woods' ability to articulate his claims and represent himself. Finally, Woods is a frequent filer in this Court and has always ably represented himself. Thus, in these circumstances, at this juncture of the case, the Court will deny without prejudice to renew Woods' Request for Counsel. (D.I. 99)

### III. MOTION TO COMPEL

Woods moves to compel Defendants to produce the formal licenses giving each Defendant authority to practice medical procedures. (D.I. 111) Woods indicates that he sought this information through discovery and then sent a formal letter to defense counsel, but received no answer. Woods contends that the documents will have a direct impact on the case and will show deliberate indifference to his serious medical needs. The record indicates that Defendants provided discovery responses and then communicated with Woods on two separate occasions, claiming they had produced all relevant, responsive documents. (D.I. 113)

Pursuant to Fed. R. Civ. P. 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

3

Defendants state that there are no documents relating to the administration of Interferon and, other than a state-issued license, there is no special license, certificate, or diploma required to administer Interferon. They argue that copies of their state licenses are not determinative of the issue of deliberate indifference to serious medical needs.

Woods' request appears reasonably calculated to lead to the discovery of admissible evidence. Accordingly, his Motion to Compel is GRANTED to the extent that Defendants shall provide to Woods the following information regarding their state licenses: state of issuance, date the licenses were first issued, and current status of the licenses. It is not necessary to provide Woods with actual copies of the medical licenses.

### IV. SHOW CAUSE ORDER

On June 25, 2010, the Court ordered Woods to show cause why Defendants First Correctional Medical Inc., Nurse Veria Murphy, John Doe, Jane Doe, Ronnie Moore, Dr. Niez, and John/Jane Doe Director for Medical at DCC 2007-2008 should not be dismissed as Defendants for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m), and for failure to identify the Doe Defendants. (D.I. 112) Woods responds that he has been unable to locate or find these Defendants. (D.I. 114)

Having reviewed Woods' response, the Court finds that he has failed to show cause why the foregoing Defendants should not be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m), and for failure to identify the Doe Defendants. The unserved Defendants will be dismissed.

## V. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Request for Counsel (D.I. 99) is DENIED without prejudice to renew.

2. Plaintiff's Motion to Compel (D.I. 111) is GRANTED as outlined in the body of this Order. Defendants shall provide the information required by this Order within thirty (30) days of the date of this Order.

3. Defendants First Correctional Medical Inc., Nurse Veria Murphy, John Doe, Jane Doe, Ronnie Moore, Dr. Niez, and John/Jane Doe Director for Medical at DCC 2007-2008 Court are DISMISSED WITHOUT PREJUDICE for failure to serve process within 120 days of filing the complaint, as required by Fed. R. Civ. P. 4(m), and for failure to identify the Doe Defendants.

Dated: September 28, 2010

_____
UNITED STATES DISTRICT JUDGE